UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 09-cv-5248 (JFB)(ARL)
_____

NEIL FISHMAN, BY HIS LEGAL GUARDIAN, SELMA FISHMAN, AND SURUJ SIRIKESHUN,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiffs,

VERSUS

RICHARD F. DAINES, M.D., AS COMMISSIONER OF THE NEW YORK STATE
DEPARTMENT OF HEALTH, AND JOHN PAOLUCCI, AS DEPUTY COMMISSIONER OF THE
OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE OF THE NEW YORK STATE
DEPARTMENT OF FAMILY ASSISTANCE,

Defendants.
_____

**MEMORANDUM AND ORDER**
March 4, 2016
_____

JOSEPH F. BIANCO, District Judge:

Plaintiffs Neil Fishman (through his legal guardian, hereinafter "Fishman") and Suruj Sirikeshun bring this class action against the Commissioner of the New York State Department of Health, who was formerly Richard Daines, and then Nirav R. Shah, and is now Howard Zucker, and against the Commissioner of the Office of Temporary and Disability Assistance of the New York State Department of Family Assistance (OTDA), who was formerly John Paolucci, and then Kristin Proud, and is now Samuel Roberts.

By Memorandum and Order dated September 16, 2014, the Court denied plaintiff's motion for a preliminary injunction requiring defendants to mail a "default notice" to members of the plaintiff class before their Medicaid appeals are abandoned because they missed a scheduled hearing. The Court found that plaintiffs failed to make a clear showing that they were likely to succeed on the merits of their due process or statutory claims. Plaintiffs appealed this decision, and by Summary Order dated October 15, 2015, the Second Circuit reversed this Court's denial of the preliminary injunction and remanded the case for further proceedings.

For the reasons discussed below, the Court grants plaintiffs' motion for a preliminary injunction. Plaintiffs have made a clear showing that they are likely to succeed on the merits of their statutory claim. As previously held by this Court and

confirmed by the Second Circuit, 42 U.S.C. § 1396a(a)(3) creates a right to a fair hearing before Medicaid benefits are revoked, which is enforceable through § 1983. 42 C.F.R. § 431.223's requirement that a Medicaid fair hearing request not be dismissed without good cause may be reasonably understood to be part of the right to an opportunity for a Medicaid fair hearing. Further, the State Medicaid Manual – which provides in a directive that participating states must inquire by written notice as to whether Medicaid appellants want their defaulted hearings rescheduled and may only dismiss them if no reply is received – is entitled to *Skidmore* deference. To the extent that defendants argue that the multiple pre-hearing notices are sufficient to satisfy the statutory "fair hearing" requirement and render a post-default notice unnecessary, the Court disagrees based upon the *Skidmore* deference that should be afforded to the State Medicaid Manual. In other words, Section 1396a(a)(3), as informed by the relevant federal regulation and agency interpretation of the regulation (through the State Medicaid Manual), requires what due process does not – namely, that the State, before dismissing an appeal as abandoned when the Medicaid appellant failed to appear at the hearing, must ascertain through a post-default notice whether the appellant wishes any further action on his request for a hearing. In sum, plaintiffs have demonstrated a likelihood of success on the merits, and therefore, plaintiffs' motion for a preliminary injunction, enjoining defendants from dismissing administrative appeals of defaulting Medicaid appellants who are not given at least 10 days to respond to a written notice from defendants inquiring whether they would like their hearings rescheduled, is granted.

I. BACKGROUND

A. Factual and Legal Background

The background facts of this case, including an overview of the Medicaid system and appeals process, are set forth more fully in this Court's opinion denying, in large part, defendants' motion to dismiss, *see Fishman v. Daines*, 743 F. Supp. 2d 127 (E.D.N.Y. 2010), as well as the Court's opinion denying the preliminary injunction, *see Fishman v. Daines*, No. 09-cv-5248 (JFB)(ARL), 2014 WL 4638962 (E.D.N.Y. Sept. 16, 2014). In short, this case involves the procedures by which defendants determine that a Medicaid appeal is abandoned. After defendants conclude that a claimant is no longer entitled to Medicaid benefits, they inform the claimant by letter, and advise him that he may request a fair hearing. *See Fishman*, 2014 WL 4638962, at *1. If the request is timely, the claimant may continue to receive "aid-continuing" Medicaid coverage pending the outcome of the hearing, and defendants send two additional letters: first, they send an acknowledgement that a fair hearing has been requested, and then they send notice that the fair hearing has been scheduled, which includes logistical details and instructions for requesting adjournments. *Id*.

If a claimant does not attend his fair hearing, whether because he did not receive notice or for any other reason, he is considered to have defaulted his hearing, and risks having his appeal abandoned. 18 N.Y.C.R.R. § 358-5.5(a). It is possible to restore a defaulted hearing to the calendar, but the timing of the request to do so affects the continuing provision of Medicaid coverage. *Id.* § 358-5.5(c). Plaintiffs contend that many class members lost aid-continuing coverage, at least temporarily,

because they did not realize that they missed their fair hearing. The default notice requested by plaintiffs would inquire as to whether the defaulting Medicaid appellant wanted his or her hearing rescheduled and would give the appellant at least 10 days to respond to the notice before dismissal of the administrative appeal.

B. Procedural Background

After the Court issued its opinion on the motion to dismiss in 2010, the parties reached a comprehensive stipulation, which the Court ordered effective on April 6, 2011. Among other things, the stipulation certified the case as a class action, on behalf of "[a]ll past, present, and future applicants and recipients of Medical Assistance . . . in New York State who: (a) requested or will request an administrative fair hearing . . . (b) failed or will fail to appear in-person . . . and (c) suffered or will suffer dismissal of their administrative appeal without defendants' prior written inquiry."[1] (Dkt. No. 69 ¶ 1.) The stipulation also required defendants to begin issuing letters to prospective class members who defaulted their fair hearings. (*Id.* ¶ 3(b).) The letters asked class members if their hearing request was abandoned, and advised them that if they intended to reschedule their hearing, they must provide good cause for having defaulted. (*Id.*) The letter also required the class members to respond within ten days of the letter's mailing date, or else their hearing request would be deemed abandoned. (*Id.*) The letters were issued for approximately two years, between the date the Court so-ordered the stipulation on April 6, 2011, and the date it was vacated on September 16, 2013.

The stipulation also included a provision exempting prospective class members from the requirements of 18 N.Y.C.R.R. § 358-5.5. (*Id.* ¶ 3(f).) At that time, § 358-5.5 required defaulting Medicaid appellants to request that their hearing be rescheduled within 15 days of default, and to show good cause, or to establish within 45 days that they had not received the initial notice of the hearing. 2014 WL 4638962, at *3. Under the terms of the stipulation, the class members were not bound by the 15- and 45-day timelines, but instead by the single timeline of ten days from the mailing date of the default notice. Section 358-5.5 did not, and still does not, address the issuance of a written default notice.

The 15- and 45-day requirements were eliminated when § 358-5.5 was amended, effective October 23, 2012. Medicaid appellants now have one year to request that their hearings be rescheduled, but are also subject to a new timeline. They must request that their hearing be rescheduled within 60 days of the date of default, or they will be unable to recover retroactive benefits for any period of lost coverage after they defaulted. *See* 18 N.Y.C.R.R. § 358-5.5(c)(1). If their request to reschedule the hearing is made 60 days or more after the default, they will only receive medical coverage prospectively, from the date of their request. *Id*. § 358-5.5(c)(2).

After § 358-5.5 was amended, plaintiffs moved to alter the stipulation so that the plaintiff class could benefit from the longer one-year timeline, and from the provision addressing retroactive and prospective coverage, which was not addressed by the terms of the stipulation. Defendants opposed the motion. Ultimately, the Court

---

[1] Although this stipulation was later vacated, defendants have since stipulated to the certification of the same class, both by letter on September 18, 2013, and by a jointly-signed stipulation so-ordered by the Court on March 10, 2014.

3

vacated the stipulation, pursuant to Fed. R. Civ. P. 60(b)(5), concluding that it was not equitable to bind defendants to both the stipulation and the amended regulation at the same time, because defendants had negotiated the stipulation with the former regulation in mind. If defendants were required to extend the new regulation to the prospective class members, the Court held that they should receive the opportunity to litigate the necessity of a written default notice in light of the new regulation.

On September 16, 2014, this Court denied plaintiff's motion for a preliminary injunction, which would have prohibited defendants from dismissing the administrative appeals of defaulting Medicaid appellants who were not given at least ten days to respond to a post-hearing notice. This Court concluded that plaintiffs failed to make a clear showing that they were likely to succeed on their due process or statutory claims. Plaintiffs appealed that decision, and by Summary Order dated October 15, 2015, the Second Circuit reversed this Court's denial of the preliminary injunction and remanded the case for further proceedings consistent with its Summary Order. *See Fishman v. Paolucci*, – Fed. App'x – , No. 14-3715, 2015 WL 5999318 (2d Cir. Oct. 15, 2015). Specifically, the Second Circuit found that this Court "did not separately conduct an analysis of 42 U.S.C. § 1396(a)(3)" and remanded the motion for a preliminary injunction in order "to provide [this Court] with the opportunity to do so in the first instance." *Id.* at *3. The Second Circuit directed that, on remand, this Court "should ask whether plaintiffs are likely to succeed on their claim that New York violates their § 1396a(a)(3) fair hearing right as defined further by any relevant federal regulations, including 42 C.F.R. § 431.223." *Id*.

On November 30, 2015, plaintiffs filed a supplemental memorandum of law in support of their motion for preliminary relief. Defendants filed their opposition on January 22, 2016, and plaintiffs filed their reply on January 29, 2016. Oral argument was held on February 8, 2016. The matter is fully submitted, and the Court has fully considered the submissions.

II. STANDARD OF REVIEW

"A party seeking a preliminary injunction must demonstrate (1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (internal quotation marks and citation omitted). As the Second Circuit reiterated on the appeal in this case, "[a] mandatory preliminary injunction 'that alters the status quo by commanding some positive act' by the state, as is requested here, 'should issue only upon a *clear showing* that the moving party is entitled to the relief requested, or where *extreme* or *very serious* damage will result from a denial of preliminary relief.'" *Fishman v. Paolucci*, 2015 WL 5999318, at * 2 (emphases in original) (quoting *Cacchillo v. Insmed, Inc.,* 638 F.3d 401, 406 (2d Cir. 2011)).

III. DISCUSSION

A. Irreparable Harm

This Court previously held that plaintiffs satisfied the irreparable harm requirement, *see Fishman*, 2014 WL 4638962, at *6, and on appeal, the Second Circuit found that this Court did not abuse its discretion in finding

4

irreparable harm because "[a] lack of medical services is exactly the sort of irreparable harm that preliminary injunctions are designed to address." *Fishman v. Paolucci*, 2015 WL 5999318 at *2. Thus, the Court need not, and will not, address the irreparable harm inquiry again.

B. Success on the Merits

In the Court's 2010 Memorandum and Opinion on the motion to dismiss, this Court held that 42 U.S.C. § 1396a(a)(3) created a right to a fair hearing before Medicaid benefits are revoked, which is enforceable through § 1983. *See Fishman*, 743 F. Supp. 2d at 140-44. On appeal, the Second Circuit made clear that this is still the law and that this Court was correct in that regard. *See Fishman v. Paolucci*, 2015 WL 5999318, at *3 n.1 ("We have held that § 1396a(a)(3) is enforceable through § 1983, *see Shakhnes*, 689 F.3d at 251, and that precedent still controls. . . .")

On remand, this Court addresses the narrow issue of "whether the scope of § 1396a(a)(3), as fleshed out by federal regulations, is broader than what is guaranteed by the Due Process Clause with respect to immediate dismissal of appeals and termination of benefits when a beneficiary defaults" and, if so, "whether plaintiffs are likely to succeed on their claim that New York violates their § 1396a(a)(3) fair hearing right as defined further by any relevant regulations, including 42 C.F.R. § 431.223." *Fishman v. Paolucci*, 2015 WL 5999318, at *3-4. For the reasons explained in detail below, the Court finds that plaintiffs have made a clear showing that they are likely to succeed on the merits of their statutory claim, and thus, that a preliminary injunction should be granted.

1. 42 C.F.R. §§ 431.223

As the Second Circuit articulated in its summary order, "[w]hen a federal statute creates a right enforceable through 42 U.S.C. § 1983, federal regulations 'may be relevant in determining the scope of the right conferred by Congress.'" *Fishman v. Paolucci*, 2015 WL 5999318 at *3 (quoting *Shakhnes v. Berlin*, 689 F.3d 244, 251 (2d Cir. 2012)). "A district court must inquire, then, whether there is a relevant regulation that 'merely further defines or fleshes out the content of that right.'" *Id.* (quoting *Shakhnes*, 689 F.3d at 251, 254-256).

Although, 42 U.S.C. § 1396a(a)(3) does not directly address the circumstances under which the fair hearing can be dismissed, this Court again finds that the federal regulations implementing 42 U.S.C. § 1396a(a)(3) are "relevant in determining the scope of the 'fair hearing' requirement set out in § 1396a(a)(3)." *Fishman*, 743 F. Supp. 2d at 143. 42 C.F.R. § 431.223 provides that the "agency may deny or dismiss a request for a hearing if (a) [t]he applicant or recipient withdraws the request in writing; or (b) [t]he applicant or recipient fails to appear at a scheduled hearing without good cause." Additionally, 42 C.F.R. § 431.205 provides that "[t]he hearing system must meet the due process standards set forth in *Goldberg v. Kelly*, 397 U.S. 254 (1970), and *any additional standards specified in this subpart*." 42 C.F.R. § 431.205(d) (emphasis added); *see also Fishman v. Paolucci*, 2015 WL 5999318, at *3.

As the Second Circuit has held, a regulation that "merely further defines or fleshes out the content of the right to an opportunity to Medicaid fair hearings," "may reasonably be understood to be part of the content of the right to an opportunity for Medicaid fair hearings." *Shakhnes*, 689 F.3d

at 254-56 (internal quotation marks omitted). In *Shakhnes*, the Second Circuit held that the right to an opportunity for a Medicaid fair hearing under 42 U.S.C. § 1396a(a)(3), enforceable under § 1983, also encompassed the right to receive a hearing decision ordinarily within 90 days of a fair hearing request. *Id.* at 256. The Second Circuit noted that "the Medicaid Act does not specify a time frame within which Defendants must provide Plaintiffs with Medicaid fair hearings; the relevant statutory provision says only that Defendants must grant 'an opportunity' for such hearings to individuals whose claims for medical assistance have not been decided with reasonable promptness." *Id.* at 254-55. Thus, the Second Circuit reasoned that the regulation's requirement that an agency decision occur "ordinarily within 90 days" of the request, 42 C.F.R. § 431.244(f), "'merely defines' the time frame with respect to Plaintiff's right to an 'opportunity' for Medicaid fair hearings." *Id.* at 255.

Similar to the regulation at issue in *Shakhnes*, here, 42 C.F.R. § 431.223 merely further defines or fleshes out the scope of 42 U.S.C. § 1396a(a)(3). The statute states that "[a] state plan for medical assistance must . . . provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for medical assistance under the plan is denied or is not acted upon with reasonable promptness." 42 U.S.C. § 1396a(a)(3). 42 C.F.R. § 431.223 provides that the "agency may deny or dismiss a request for a hearing if (a) [t]he applicant or recipient withdraws the request in writing; or (b) [t]he applicant or recipient fails to appear at a scheduled hearing without good cause." Like the 90 day time frame in *Shakhnes*, 42 C.F.R. § 431.223 also fleshes out the right to a fair hearing by providing that a fair hearing request may not be dismissed without good cause. Therefore, this Court concludes that 42 C.F.R. § 431.223's good cause requirement may be reasonably understood to be part of the content of the right to an opportunity to Medicaid fair hearings.[2]

2. State Medicaid Manual

The Court next finds that the State Medicaid Manual (the "Manual") is entitled to *Skidmore* deference.

This Manual is "an informal rule issued by the Department of Health and Human Services' . . . Centers for Medicare and Medicaid Services . . . ." *Wong v. Doar*, 571 F.3d 247, 250 (2d Cir. 2009). As relevant to this case, it provides that a Medicaid fair hearing request may be considered abandoned when:

> neither the claimant nor his representative appears at scheduled hearing, and if within a reasonable time (of not less than 10 days) after the mailing of an inquiry as to whether he wishes any further action on his request for a hearing no reply is received.

Manual § 2902.3(B).

"An agency interpretation that does not qualify for *Chevron* deference is still entitled to 'respect according to its persuasiveness,' as evidenced by 'the thoroughness evident in [the agency's] consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors

---

[2] Notably, defendants do not dispute that 42 C.F.R. § 431.223 is entitled to deference, but rather argue that they have satisfied the good cause requirement by other means, namely N.Y.C.R.R. § 358-5.5(a)(2), and that post-default notice "is not reasonably implicit in the federal regulation's good-cause requirement." (*See* Pl.'s Opp'n, at 20.)

which give it power to persuade.'" *Estate of Landers v. Leavitt*, 545 F.3d 98, 107 (2d Cir. 2008), *as revised* (Jan. 15, 2009) (quoting *United States v. Mead Corp.*, 533 U.S. 218 at 221, 228 (2001) (alteration in original). In conducting this *Skidmore* analysis, the Court notes that the Second Circuit has previously found that the State Medicaid Manual is entitled to deference under *Skidmore v. Swift & Co.*, 323 U.S. 132 (1944) due to its "persuasiveness, as evidenced by the thoroughness evident in the agency's consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade." *Wong*, 571 F.3d at 260 (2d Cir. 2009) (internal quotation marks and citations omitted); *see also Shakhnes*, 689 F.3d at 259 (finding that the State Medicaid Manual is owed deference). In finding that the Manual was entitled to judicial deference, the Second Circuit noted that "the Supreme Court has signaled that HHS interpretations should receive more respect than the mine-run of agency interpretations," *Wong*, 571 F.3d at 260 (citing *Estate of Landers*, 545 F.3d at 107), and thus, that "even relatively informal CMS interpretations warrant respectful consideration due to the complexity of the Medicaid statute and the considerable expertise of the administering agency." *Id.* (internal citation and quotation marks omitted). "[I]n cases such as those involving Medicare or Medicaid, in which CMS, 'a highly expert agency, administers a large complex regulatory scheme in cooperation with many other institutional actors, the various possible standards for deference' — namely, *Chevron* and *Skidmore* — 'begin to converge.' *Estate of Landers*, 545 F.3d at 107 (quoting *Cmty. Health Ctr. v. Wilson-Coker*, 311 F.3d 132, 138 (2d Cir. 2002)) (internal alteration omitted); *see also Wong*, 571 F.3d at 260 (same). Although the Manual does not create a private right of action, because it is HHS's "'informal interpretation'" of its own regulations, it "warrants 'some significant measure of deference.'" *Morenz v. Wilson-Coker*, 415 F.3d 230, 235 (2d Cir. 2005) (quoting *Rabin v. Wilson-Coker*, 362 F.3d 190, 197 (2d Cir. 2004)). Indeed, "[a]n agency's interpretation of its own statute and regulation 'must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" *Fowlkes v. Adamec*, 432 F.3d 90, 97 (2d Cir. 2005) (quoting *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994)).[3]

An analysis of the *Skidmore* factors in this case leads this Court to conclude that the Manual is entitled to a great deal of persuasive weight.

As an initial matter, the Second Circuit noted that the relevant section of the Manual is mandatory and "makes clear that *only* when a hearing is abandoned by failing to respond to a post-default notice may the state dismiss an appeal. While the state may decide *not* to dismiss an appeal if the post-default notice receives no response, if it chooses to dismiss it must wait at least ten days." *Fishman v. Paolucci*, 2015 WL 5999318, at *3 n.2 (emphases in original). The Manual's mandatory post-default notice requirement demonstrates thoroughness evident in the agency's consideration, and thus, meets the first *Skidmore* criterion for heightened deference.

The Court further finds that the Manual's post-default notice requirement is consistent with the text and structure of 42

---

[3] Further, the Manual's forward explains that it "provides instructions, regulatory citations, and information for implementing provisions of Title XIX of the Social Security Act (the Act). Instructions are official interpretations of the law and regulations, and as such, are binding on Medicaid State agencies." *Wong*, 571 F.3d at 253 n.6.

7

U.S.C. § 1396(a)(3) and 42 C.F.R. § 431.223. Although 42 U.S.C. § 1396(a)(3) does not address the circumstances under which a Medicaid appeal will be considered abandoned, it should not be "infer[red] from statutory silence a congressional intent to have no rules whatsoever apply." *Wong*, 571 F.3d at 260. Further, 42 C.F.R. § 431.223, by which § 1396a(a)(3) is implemented, provides that good cause is required in order to find a case has been abandoned. Specifying post-default notice as the means by which to make this good cause determination is not inconsistent with either 42 U.S.C. § 1396(a)(3)'s fair hearing requirement or the implementing regulations of 42 C.F.R. § 431.223.

Additionally, the current version of § 2902.3 of the Manual has remained unchanged since August 1988. Further, very similar language was used in the Manual's predecessors, the Handbook of Public Assistance Administration beginning in January 1954,[4] in the Handbook's revised 1965 version,[5] in the Handbook's subsequently revised 1968 version,[6] and when Supplement D was added to the Handbook in 1966 to address the new Medicaid program.[7] Such consistency over time also weighs in favor of treating the Manual with deference. *See Wong*, 571 F.3d at 262 (giving deference to agency's construction of statute that was consistent for fifteen years); *Estate of Landers*, 545 F.3d at 107-108 (deferring to agency's construction of statute that was first adopted forty years prior).

Further, the Manual's post-default notice requirement is also entitled to deference because it is applicable in all instances. *See Estate of Landers*, 545 F.3d at 110 ("'The deference due' to an agency interpretation 'is at the high end of the spectrum of deference' when 'the interpretation in question is not merely ad hoc but . . . is applicable to all cases.'") (quoting *Chauffer's Training Sch., Inc. v. Spellings*,

---

[4] *See* Pl.'s Addendum D, Handbook of Public Assistance Administration, § 6310 ¶ 4 (1954) ("A request for a hearing may be considered abandoned if neither the claimant nor his representative appears at the time and place agreed on for the hearing, and if, within a reasonable time after the mailing of an inquiry as to whether he wishes any further action taken on his request for a hearing, no reply is received by either the local or State agency.").

[5] *See* Pl.'s Addendum H, Handbook of Public Assistance Administration § 6331 (1965) ("[T]he agency may not deny or dismiss a request for a hearing, except where it has been abandoned by the claimant. A request for a hearing may be considered abandoned if neither the claimant nor his representative appears at the time and place agreed upon for the hearing, and if, within a reasonable time after the mailing of an inquiry as to whether he wishes any further action taken on his request for a hearing, no reply is received by either the local or State agency.")

[6] *See* Pl.'s Addendum I, Handbook of Public Assistance Administration § 6330(f) (1968) ("The agency does not deny or dismiss a request for a hearing except where it has been withdrawn by the claimant in writing or abandoned. A request for a hearing is considered abandoned only if neither the claimant nor his representative appears at the time and place agreed upon for the hearing, and if, within a reasonable time after the mailing of an inquiry as to whether he wishes any further action taken on his request for a hearing, no reply is received by either the local or State agency").

[7] *See* Pl.'s Addendum E, Handbook of Public Assistance Administration Supp. D § D-6530(2) (1966) ("The claimant's opportunity for a fair hearing includes: . . . (c) provision that the agency does not deny or dismiss a request for a hearing except where it has been withdrawn by the claimant in writing or abandoned. A request for a hearing is considered abandoned only if neither the claimant nor his representative appears at the time and place agreed upon for the hearing, and if, within a reasonable time after the mailing of an inquiry as to whether he wishes any further action to be taken on his request for a hearing, no reply is received by either the local or State agency.")

478 F.3d 117, 129 (2d Cir. 2007)) (internal alteration omitted); *Wong*, 571 F.3d at 261 (same). The Manual does not draw distinctions when a case is considered abandoned apart from the conditions set forth in § 2902.3, and thus, is applicable to all individuals who fail to appear at their Medicare hearing.

Therefore, because the Manual's post-default notice requirement is mandatory, consistent with 42 U.S.C. § 1396a(a)(3) and its implementing regulations, has remained in place for many years, and is applicable in all instances, the Court finds that it is entitled to a high level of deference under the *Skidmore* criteria.[8]

Accordingly, because 42 C.F.R. § 431.223's requirement that a Medicaid fair hearing request not be dismissed without good cause may be reasonably understood to be part of the right to an opportunity to a Medicaid fair hearing, and because the Manual's post-default notice requirement is entitled to a high level of deference, this Court finds that plaintiffs are likely to succeed on the merits of their claim.

### IV. CONCLUSION

Plaintiffs' motion for a preliminary injunction is granted because plaintiffs have demonstrated that they are likely to succeed on the merits.[9] Defendants are preliminarily enjoined from dismissing administrative appeals of defaulting Medicaid applicants who are not given at least 10 days to respond to a written notice from defendants inquiring whether they would like their hearings rescheduled.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 4, 2016
      Central Islip, NY

\* \* \*

Plaintiffs are represented by Peter Vollmer, Law Office of Peter Vollmer, P.C., 19 Hawthorne Road, Sea Cliff, NY 11579. Defendants are represented by Susan M. Connolly, New York State Office of the Attorney General, 300 Motor Parkway, Suite 230, Hauppauge, NY 11788.

---

[8] To the extent that defendants argue that the Manual should not be given deference because "the State's Medicaid program has HHS approval and HHS has never taken action against State Defendants for not using a post-default notice," (Pl.'s Opp'n, at 20), the Court disagrees that a lack of action by HHS indicates approval. To the contrary, it is far from clear that silence or a failure to take the drastic step of cutting off Medicaid funding demonstrates agreement with the State's position, which is contrary to HHS's Manual.

[9] At oral argument, plaintiffs' counsel requested that that plaintiffs be granted an injunction prohibiting defendants from dismissing the administrative appeals of applicants who are not given at least fifteen days to respond to the post-default notice. The Court declines to grant an additional five days to respond. The Manual clearly states that a Medicaid fair hearing request may be considered abandoned when "neither the claimant nor his representative appears at a scheduled hearing, and if within a reasonable time (*of not less than 10 days*) after the mailing of an inquiry as to whether he wishes any further action on his request for a hearing no reply is received." Pl.'s Addendum A, Manual § 2902.3(B) (emphasis added). To read an additional five days into the Manual's directive would be inconsistent with the notion that the Manual is entitled to *Skidmore* deference. In promulgating the Manual, HHS selected a minimum of ten days to respond to a post-hearing notice, and absent any evidence demonstrating why such a determination should not be followed, the Court declines to add an additional five days to the Manual's provision.